Filed for Record
2/3/2022 11:09 AM
Donna Starkey, District Clerk
Brazoria County, Texas
116135-CV
Sunnye Wingo, Deputy

NO. 116135-CV

| | | |
|---|---|---|
| CHRIS WALTHALL, RODNEY THOMAS AND TAMRA HIPP | * * * | IN THE DISTRICT COURT |
| VS. | * * | BRAZORIA COUNTY, TEXAS |
| ZIMMERMAN FARMS LLC, BRIAN ZIMMERMAN AND AARON DECRANE | * * | 149TH JUDICIAL DISTRICT |

### PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, CHRIS WALTHALL, RODNEY THOMAS AND TAMRA HIPP, hereinafter referred to as Plaintiffs, by and through their attorney of record, complaining of ZIMMERMAN FARMS, LLC, BRIAN ZIMMERMAN, AARON DECRANE, NISSAN NORTH AMERICA, AND NISSAN MOTOR CO., LTD, hereinafter referred to as Defendants, and for cause of action would show the Court as follows:

I.

Plaintiffs, are at all times hereafter mentioned residents of Brazoria County, Texas.

Defendant, ZIMMERMAN FARMS LLC is a corporation duly authorized to do business in the State of Texas and may be located for service of process through their registered agent, Brian Zimmerman, 6117 FM 70, Bishop, Texas 78343-3225. Service is not requested at this time.

Defendant, BRIAN ZIMMERMAN, may be located for service of process through their registered agent, Brian Zimmerman, 6117 FM 70, Bishop, Texas 78343-3225. Service is not requested at this time.

Defendant, AARON DECRANE, was in Brazoria County at the time of the incident

1

Copy from re:SearchTX

made the basis of this suit and still is in Brazoria County. Service is not requested at this time.

Defendants, NISSAN and NISSAN NORTH AMERICA, INC. are corporations duly authorized to do business in the State of Texas and are collectively referred to as Nissan. Service is not requested at this time.

II.

It has become necessary to bring this suit by reason of a collision which occurred on November 7, 2021 in the 1800 block of East Mulberry Street in Angleton, Brazoria County, Texas. On that occasion Plaintiff was driving her vehicle in a normal and prudent manner when suddenly and unexpectedly Plaintiff's vehicle was struck from the rear by a vehicle being driven by Defendant, AARON DECRANE and owned by Brian Zimmerman and/or Zimmerman Farms LLC.

III.

**FIRST CLAIM FOR RELIEF**
**Negligence of Aaron DeCrane**

Aaron Decrane was in the course and scope of his employment with Brian Zimmerman and/or Zimmerman Farms LLC at the time of the collision. As the basis of this suit your Plaintiffs specifically state that the above collision was proximately caused by negligence, as that term is understood in law, on the part of the Defendant, AARON DECRANE, BRIAN ZIMMERMAN AND/OR ZIMMERMAN FARMS LLC.

IV.

Defendant AARON DECRANE negligently failed to keep a proper look out and timely apply his brakes. Since Defendant AARON DECRANE was acting in the course and scope of his employment, service or agency with Defendants ZIMMERMAN FARMS LLC and BRIAN ZIMMERMAN are liable for the negligence of AARON DECRANE pursuant to respondeat

2

Copy from re:SearchTX

superior. Furthermore, and/or in the alternative, Defendants ZIMMERMAN FARMS LLC and BRIAN ZIMMERMAN'S negligence in their hiring, retention supervision and/or training of Defendant AARON DECRANE caused the crash involved in this litigation. Furthermore, and/or in the alternative, ZIMMERMAN FARMS LLC and BRIAN ZIMMERMAN negligently entrusted their vehicle to AARON DECRANE.

V.

**SECOND CLAIM FOR RELIEF**
**Negligence and Design Defect as to Nissan Defendants**

At all times relevant herein, Defendant, Nissan is and was a California corporation headquartered in Franklin, Tennessee, with its principal place of business at One Nissan Way, Franklin, Tennessee 37067. Defendant, Nissan NA is a subsidiary of and works in conjunction with Nissan and also manufactures and sells vehicles in the United States, Canada and Mexico including the subject vehicle at issue in this petition.

Upon information and belief, the Nissan Defendants are directly responsible for the Plaintiffs' injuries and damages, which were caused by the defective condition of the occupant protection system in the 2017 Nissan Versa she was operating on November 7, 2021 resulting in her injuries, death and the damages sought herein.

Nissan Defendants are subject to the jurisdiction of this Court pursuant to Texas's long-arm statute as enumerated under Texas Civ. Prac. & Rem. Code § 17.042 because it operates, conducts, engages in, or carries on a business or business venture in the State of Texas; has an office or agency in the state of Texas; caused injury to persons or property residing within the state of Texas arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Texas in the ordinary

3

Copy from re:SearchTX

course of commerce, trade, or use; or engages in substantial and not isolate activity within the state of Texas.

Nissan Defendants are subject to the jurisdiction of this Court pursuant to Texas's long-arm statute as enumerated under Texas Civ. Prac. & Rem. Code § 17.042 because it operates, conducts, engages in, or carries on a business or business venture in the State of Texas; has an office or agency in the state of Texas; caused injury to persons or property residing within the state of Texas arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Texas in the ordinary course of commerce, trade, or use; or engages in substantial and not isolate activity within the state of Texas.

The Nissan Defendants have purposefully availed themselves of the privilege of conducting business in Texas.

The Nissan Defendants have purposefully developed a dealership network for the distribution of their vehicles into Texas by entering into contractual relationships with more than sixty (60) dealers of new Nissan vehicles in Texas.

This case arises out of or relates to the use of one such Nissan vehicle sold to Carolyn Thomas from a Nissan dealership in Brazoria, Texas.

Upon information and belief, Defendants are directly responsible for Carolyn Thomas' injuries, death and damages caused by the inadequate occupant protection system

Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

At all times relevant herein, the Nissan Defendants designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the subject vehicle and its components.

4

Copy from re:SearchTX

At all times relevant herein, the Nissan Defendants designed the subject vehicle and its occupant protection system, and owed Plaintiffs a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell the subject vehicle and its components, so that it would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

At all times relevant herein, as designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by the Nissan Defendants, the subject vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its rear end collision occupant protection system is and was inadequately designed and constructed, and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable accidents occurring in the real work environments of its expected use.

At all times relevant herein, Nissan Defendants, are collectively and respectively negligent and careless in the design of the subject vehicle and breached their duties of care owed to Plaintiffs.

As a direct and proximate result of the Nissan Defendants' negligence and the breaches complained of herein, Carolyn Thomas suffered fatal injuries.

WHEREFORE, Plaintiffs demand judgment against Defendants Nissan Motor and Nissan NA, jointly and severally, for all actual and compensatory damages Plaintiffs suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

Copy from re:SearchTX

VI.

## THIRD CLAIM FOR RELIEF
### (Negligence and Manufacturing Defect as to Nissan Defendants)

Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set for the fully herein.

At all times relevant herein, the Nissan Defendants took part in and/or were responsible for the manufacturer, selection, inspection, testing, design, assemblage, equipment, marketing, distribution, and/or sale of the subject vehicle and its component parts, including but not limited to its defective passenger rear end collision protection system, at some point prior to the incident on November 7, 2021.

At all times relevant herein, the Nissan Defendants manufactured the subject vehicle and its occupant protection system, and the Nissan Defendants owed Plaintiffs a duty of reasonable care to manufacture, select, inspect, test, assemble, equip, market, distribute and sell the subject vehicle and its components, including the passenger rear end collision occupant protection system, so that it would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

At all times relevant herein, as manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by the Nissan Defendants the subject vehicle is and was uncrashworthy, defective, unreasonably dangerous and unsafe for foreseeable users and occupants because its rear end collision occupant protection system is and was inadequately designed and constructed, and failed to provide the degree of occupant protection and safety a reasonable consumer would expect in foreseeable accidents occurring in the real world environment of its expected use.

6

Copy from re:SearchTX

At all times relevant herein, Defendant Nissan NA was collectively and respectfully negligent, and careless, and breached their duties of care owed to Plaintiffs.

As a direct and proximate result of the Nissan Defendant's negligence, and the breaches complained of herein, Carolyn Thomas sustained fatal injuries from the Incident on November 7, 2021.

By reason of the foregoing, Plaintiffs are entitled to recovery for all general and special damages they sustained as a direct and proximate result of the Nissan Defendants' negligent acts or omissions.

WHEREFORE, Plaintiffs demand judgment against Defendant, Nissan NA, for all actual and compensatory damages they suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

VII.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Warn as to Nissan Defendants)**

Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

At all times relevant herein, the Nissan Defendants, as manufacturer of Subject Vehicle and it's rear-end collision occupant protection system, owed duties to warn of foreseeable dangerous conditions of the Subject Vehicle which would impair its safety.

At all times relevant herein, the Nissan Defendants knew or should have known that the Subject Vehicle's rear-end collision occupant protection system was inadequate.

Copy from re:SearchTX

At all times relevant herein, the Nissan Defendants had no reason to believe that users would realize this potential danger.

At all times relevant herein, the Nissan Defendants affirmatively failed to exercise reasonable care to inform users of the Subject Vehicle's dangerous condition created by the inadequate occupant protection system.

As a direct and proximate result of the Nissan Defendants failure to warn of the dangers posed by rear-end collisions in the Subject Vehicle and the breaches complained herein, Carolyn Thomas suffered fatal injuries from the incident on November 7, 2021.

By reason of the foregoing, Plaintiffs are entitled to recover for all general and special damages they sustained as a direct and proximate result of the Nissan Defendants negligent and grossly negligent acts or omissions.

WHEREFORE, Plaintiffs demand judgment against Defendants Nissan Motor, and Nissan NA, jointly and severally, for all actual and compensatory damages they suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

VIII.

**FIFTH CLAIM FOR RELIEF**
**(Strict Liability in Tort as to Nissan Defendants)**

Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

At all times relevant herein, the Nissan Defendants are strictly liable for designing, testing, manufacturing, distributing, selling, and/or placing a defective and unreasonably dangerous product into the stream of commerce.

8

Copy from re:SearchTX

At all times relevant herein, the Subject Vehicle and it's rear-end collision occupant protection system was unreasonably dangerous as to its design, manufacture, distribution and warnings, causing the Vehicle to be in a defective condition that made it unreasonably dangerous for its intended use.

At all times relevant herein, the Nissan Defendants took some part in the manufacture and sale of the Subject Vehicle and its occupant protection system at some time prior to the Incident on November 7, 2021.

At all times relevant, the Subject Vehicle was being used in an intended and/or foreseeable manner when the Incident alleged herein occurred. Carolyn Thomas neither misused nor materially altered the Subject Vehicle, and upon information and belief, the Subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was designed, manufactured and sold with an excessively inadequate rear-end collision occupant protection system.

At all times relevant herein, the Nissan Defendants were aware of feasible alternative designs which would have minimized or eliminated the risk of injury posed by the Vehicle and its occupant protection system.

At all times relevant herein, the Nissan Defendants failed to design, test, manufacture, inspect, and/or sell a product that was safe for its intended use.

As a direct and proximate result of the Nissan Defendants' negligence and the breaches complained herein, Carolyn Thomas suffered fatal injuries on November 7, 2021.

WHEREFORE, Plaintiffs demand judgment against Nissan Motor and Nissan NA, jointly and severally, for all actual and compensatory damages they suffered, as well as for punitive

Copy from re:SearchTX

damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

IX.

**SIXTH CLAIM FOR RELIEF**
**(Breach of Warranties as to Nissan Defendants)**

Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

At all times relevant herein, the Nissan Defendants are and were "merchants with respect to the Subject Vehicle at issue in this Petition.

At all times relevant herein, the Nissan Defendants manufactured and sold the Subject Vehicle as "good" within the meaning of the relevant statutory provisions.

Consequently, at the time of sale the Nissan Defendants impliedly warranted that the Subject Vehicle was merchantable, including that it was fit for its ordinary purpose of a safe passenger vehicle that it could pass without objection in the trade, and that it was adequately contained, packaged and labeled.

At all times relevant herein, the Nissan Defendants breached the implied warranty of merchantability because the Subject Vehicle was not fit for the ordinary purpose for which it was anticipated to be used - namely as a safe passenger motor vehicle.

Specifically, the Subject Vehicle's rear-end collision occupant protection system was unreasonably dangerous and defective as it was designed, manufactured and sold foreseeable collisions, including during the Incident on November 7, 2021 which made the Subject Vehicle unfit for its ordinary purpose of providing safe transportation.

10

Copy from re:SearchTX

As a proximate result of the Nissan Defendants' collective and respective breaches of the implied warranty of merchantability Carolyn Thomas suffered fatal injuries on November 7, 2021.

By reason of the foregoing, Plaintiffs are entitled to recover for all general and special damages proximately caused by the Nissan Defendants' breaches of the implied warranty of merchantability arising and resulting from the Incident on November 7, 2021.

## X.

The aforementioned acts and/or omissions of the Nissan Defendants were a direct, proximate and/or producing cause of the wrongful death of Carolyn Thomas and the following damages to Plaintiffs:

1. Pecuniary damages in the past and which in reasonable probability they will sustain in the future;

2. Loss of companionship and society in the past and which in reasonable probability they will sustain in the future; and

3. Mental anguish in the past and which in reasonable probability they will sustain in the future; and

Because of all of the above your Plaintiffs have been damaged in a sum within the jurisdictional limits of this Court, for which, for which amount they here now pray judgment against the Defendants jointly and severally.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully pray that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such

Copy from re:SearchTX

other and further relief to which the Plaintiffs may be entitled at law or in equity. Plaintiffs believe in the right of the jury to freely consider any amount of damages warranted by the evidence, and trust the jury to reach a fair decision; however to comply with Texas Rule 47 requiring a party to plead a category of monetary relief sought the Plaintiffs state that as of the filing of this Petition, Plaintiffs seek monetary relief greater than $250,000.

                                    Respectfully submitted,

                                    */s/ Christopher Bradshaw-Hull*

                                    CHRISTOPHER BRADSHAW-HULL
                                    State Bar No. 02841300
                                    4200 Montrose Blvd., Suite 570
                                    Houston, Texas 77006
                                    713-523-0818
                                    713-523-0814-facsimile
                                    Email: c_bradshawhull@hotmail.com
                                    ATTORNEY FOR PLAINTIFFS

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christopher Bradshawhull on behalf of Christopher Bradshawhull
Bar No. 02841300
c_bradshawhull@hotmail.com
Envelope ID: 61422273
Status as of 2/3/2022 11:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christopher ABradshawhull | | c_bradshawhull@hotmail.com | 2/3/2022 11:09:12 AM | SENT |

Copy from re:SearchTX