IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHRIS WALTHALL, RODNEY THOMAS, AND TAMRA HIPP | * * * |
| VS. | * C.A. No. 3:23-CV-00385 * |
| NISSAN NORTH AMERICA, INC., ET AL | * * PLAINTIFFS DEMAND A JURY TRIAL |

## PLAINTIFFS' THIRD AMENDED COMPLAINT

COMES NOW, CHRIS WALTHALL, RODNEY THOMAS AND TAMRA HIPP, hereinafter referred to as Plaintiffs, by and through their attorney of record, complaining of NISSAN NORTH AMERICA, AND NISSAN MOTOR CO., LTD, hereinafter referred to as Defendants, and for cause of action would show allege as follows:

### FACTS COMMON TO ALL THEORIES OF LIABILITY

1. CHRIS WALTHALL, RODNEY THOMAS AND TAMRA HIPP, hereinafter referred to as Plaintiffs, by and through their attorney of record, complaining of NISSAN NORTH AMERICA, AND NISSAN MOTOR CO., LTD, hereinafter referred to as Defendants.

2. Plaintiffs are at all times hereafter mentioned residents of Brazoria County, Texas.

3. Defendant, NISSAN MOTOR CO., LTD., is a multinational automobile manufacturer doing business in the State of Texas and headquartered in Japan.

4. Defendant, NISSAN NORTH AMERICA, INC. is a corporation duly authorized to do business in the State of Texas and may be served with this amended complaint by serving their attorneys of record.

5. It has become necessary to bring this suit by reason of a crash and its aftermath (event) which occurred on November 7, 2021 in the 1800 block of East Mulberry Street in

1

Angleton, Brazoria County, Texas. On that occasion Carolyn Thomas was driving her vehicle, a 2017 Nissan Versa sedan in a normal and prudent manner when suddenly and unexpectedly it was struck by a vehicle being driven by Aaron DeCrane. After impact the Nissan Versa sedan rolled over and struck a concrete barrier. Mrs. Thomas died at the scene.

6. Plaintiffs are the only children of Carolyn Thomas.

7. Plaintiffs allege defects in the Nissan Versa's supplemental restraint system (SRS) that failed to prevent fatal blunt force trauma during a foreseeable rollover and/or front-impact.

8. In addition to defects in the driver's SRS, Plaintiffs claim defects in the 2017 Nissan Versa driver's roll over protection systems (ROPS).

9. According to an eyewitness the collision between the vehicles driven by Carolyn Thomas and Aaron DeCrane was head-on.

10. According Trooper Baker the subject Nissan Versa sedan had concentrated front end damage from colliding with a concrete divider;

11. During the event Mrs. Thomas' vehicle experienced a collision similar to a small overlap front-driver-side crash test and/or during the event Mrs. Thomas moved within the subject vehicle in a manner similar to the dummy in the small overlap front driver-side test of a 2014 Nissan Versa S4-door conducted by IIHS HLDI;

12. According to the "driver restraints and dummy kinetics" portion of IIHS HLDI's report from that test: "the dummy's head barely contacted the frontal airbag before sliding off to the left side and leaving the head vulnerable to contact with forward structure. The steering column moved upward 12 cm and 15 cm to the right, contributing to a lack of protection for the head and allowing little airbag cushioning for the chest;

13. These failures would have been produced injuries consistent with those suffered

by Ms. Thomas in the event, including blunt force trauma; soft tissue injury; rib, vertebral column, and extremity fractures; traumatic injuries of heart, aorta, and lungs; and sub arachnoid hemorrhage;

14. The subject vehicle lacked an adequate rollover sensor.

15. The 2017 Nissan Versa sedan fatality ratio was 88 driver deaths per million. This is the eighth most of all vehicles with at least 100,000 registered vehicle years of exposure from 2015 to 2018 or at least 20 deaths.

16. These death rates are based on driver fatalities that occurred from 2015 to 2018 for vehicles from the 2017 model year, as well as earlier models with the same designs and features. The numbers represent the estimates risks for 2017 models, but the data include models from as far back as 2014 if the vehicles have not been substantially redesigned over the intervening period. Including those older, equivalent vehicles made the sample size larger and therefore increased the reliability of the results.

17. A vehicle's size and class did not dictate their danger, whether driver death rates were measured against registered vehicles years or miles traveled, since the 2017 Volkswagen Golf, a vehicle similar in size and class to the 2017 Nissan Versa, had a death rate of 0 per million registered vehicle years and it's death rate per 10 billion miles was the same.

18. Prior to the event the Nissan Versa sedan was in substantially the same condition as when it was sold, it had not been altered or modified and Mrs. Thomas' use of the vehicle up to and including the event was intended by the Nissan Defendants and entirely foreseeable.

## FIRST CLAIM FOR RELIEF
### (Negligence and Design Defect as to Nissan Defendants)

19. At all times relevant herein, Defendant, Nissan is and was a California corporation headquartered in Franklin, Tennessee, with its principal place of business at One

3

Nissan Way, Franklin, Tennessee 37067. Defendant, Nissan NA is a subsidiary of and works in conjunction with Nissan and also manufactures and sells vehicles in the United States, Canada and Mexico including the subject vehicle at issue in this suit.

20. Upon information and belief, the Nissan Defendants are directly responsible for the Mrs. Thomas' death as well as Plaintiffs' injuries and damages, which were caused by the defective condition of the occupant protection system in the 2017 Nissan Versa sedan Mrs. Thomas was operating on November 7, 2021.

21. Nissan Defendants are subject to the jurisdiction of this Court pursuant to Texas's long-arm statute as enumerated under Texas Civ. Prac. & Rem. Code § 17.042 because it operates, conducts, engages in, or carries on a business or business venture in the State of Texas; has an office or agency in the state of Texas; caused injury to persons or property residing within the state of Texas arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Texas in the ordinary course of commerce, trade, or use; or engages in substantial and not isolate activity within the state of Texas.

22. Nissan Defendants are subject to the jurisdiction of this Court pursuant to Texas's long-arm statute as enumerated under Texas Civ. Prac. & Rem. Code § 17.042 because it operates, conducts, engages in, or carries on a business or business venture in the State of Texas; has an office or agency in the state of Texas; caused injury to persons or property residing within the state of Texas arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the state of Texas in the ordinary course of commerce, trade, or use; or engages in substantial and not isolate activity within the state of Texas.

23. The Nissan Defendants have purposefully availed themselves of the privilege of conducting business in Texas.

24. The Nissan Defendants have purposefully developed a dealership network for the distribution of their vehicles into Texas by entering into contractual relationships with more than sixty (60) dealers of new Nissan vehicles in Texas.

25. This case arises out of or relates to the use of one such Nissan vehicle sold to Carolyn Thomas from a Nissan dealership in Brazoria, Texas.

26. Upon information and belief, Defendants are directly responsible for Carolyn Thomas' injuries, death and damages caused by the inadequate occupant protection system, including but not limited to the supplemental restraint system and the roll over protection system.

27. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

28. At all times relevant herein, the Nissan Defendants designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the subject vehicle and its components.

29. At all times relevant herein, the Nissan Defendants designed the subject vehicle and its occupant protection system, and owed Plaintiffs a duty of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell the subject vehicle and its components, so that it would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

30. At all times relevant herein, as designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by the Nissan Defendants, the subject vehicle is and

was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its rear end collision occupant protection system is and was inadequately designed and constructed, and failed to provide the degree of occupant protection, and safety a reasonable consumer would expect in foreseeable accidents occurring in the real work environments of its expected use.

31. At all times relevant herein, Nissan Defendants, are collectively and respectively negligent and careless in the design of the subject vehicle and breached their duties of care owed to Plaintiffs.

32. As a direct, proximate and or producing cause of the foregoing Carolyn Thomas suffered fatal injuries.

## SECOND CLAIM FOR RELIEF
### (Negligence and Manufacturing Defect as to Nissan Defendants)

33. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

34. At all times relevant herein, the Nissan Defendants took part in and/or were responsible for the manufacturer, selection, inspection, testing, design, assemblage, equipment, marketing, distribution, and/or sale of the subject vehicle and its component parts, including but not limited to its defective occupant protection system, at some point prior to the incident on November 7, 2021.

35. At all times relevant herein, the Nissan Defendants manufactured the subject vehicle and its occupant protection system, and the Nissan Defendants owed Plaintiffs a duty of reasonable care to manufacture, select, inspect, test, assemble, equip, market, distribute and sell the subject vehicle and its components, including the occupant protection system, so that it

would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the real world highway environment of its expected use.

36. At all times relevant herein, as manufactured, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold by the Nissan Defendants the subject vehicle is and was uncrashworthy, defective, unreasonably dangerous and unsafe for foreseeable users and occupants because its rear end collision occupant protection system is and was inadequately designed and constructed, and failed to provide the degree of occupant protection and safety a reasonable consumer would expect in foreseeable accidents occurring in the real world environment of its expected use.

37. At all times relevant herein, Defendant Nissan NA was collectively and respectfully negligent, and careless, and breached their duties of care owed to Plaintiffs.

38. As a direct, proximate and/or producing cause of the foregoing Carolyn Thomas sustained fatal injuries from the Incident on November 7, 2021.

### THIRD CLAIM FOR RELIEF
### (Failure to Warn as to Nissan Defendants)

39. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

40. At all times relevant herein, the Nissan Defendants, as manufacturer of Subject Vehicle and its occupant protection system, owed duties to warn of foreseeable dangerous conditions of the Subject Vehicle which would impair its safety.

41. At all times relevant herein, the Nissan Defendants knew or should have known that the Subject Vehicle's occupant protection system was inadequate.

42. At all times relevant herein, the Nissan Defendants had no reason to believe that users would realize this potential danger.

43. At all times relevant herein, the Nissan Defendants affirmatively failed to exercise reasonable care to inform users of the Subject Vehicle's dangerous condition created by the inadequate occupant protection system.

44. As a direct, proximate and/or producing cause of the foregoing Carolyn Thomas suffered fatal injuries from the incident on November 7, 2021.

**FOURTH CLAIM FOR RELIEF**
**(Strict Liability in Tort as to Nissan Defendants)**

45. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

46. At all times relevant herein, the Nissan Defendants are strictly liable for designing, testing, manufacturing, distributing, selling, and/or placing a defective and unreasonably dangerous product into the stream of commerce.

47. At all times relevant herein, the Subject Vehicle and it's occupant protection system was unreasonably dangerous as to its design, manufacture, distribution and warnings, causing the Vehicle to be in a defective condition that made it unreasonably dangerous for its intended use.

48. At all times relevant herein, the Nissan Defendants took some part in the manufacture and sale of the Subject Vehicle and its occupant protection system at some time prior to the Incident on November 7, 2021.

49. At all times relevant, the Subject Vehicle was being used in an intended and/or foreseeable manner when the Incident alleged herein occurred. Carolyn Thomas neither misused nor materially altered the Subject Vehicle, and upon information and belief, the Subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

50. At all times relevant herein, the Subject Vehicle is and was unreasonably dangerous and defective because it was designed, manufactured and sold with an excessively inadequate occupant protection system.

51. At all times relevant herein, the Nissan Defendants were aware of feasible alternative designs which would have minimized or eliminated the risk of injury posed by the subject vehicle and its occupant protection system.

52. At all times relevant herein, the Nissan Defendants failed to design, test, manufacture, inspect, and/or sell a product that was safe for its intended use.

53. As a direct, proximate and/or producing cause of the foregoing Carolyn Thomas suffered fatal injuries on November 7, 2021.

**FIFTH CLAIM FOR RELIEF**
**(Breach of Warranties as to Nissan Defendants)**

54. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

55. At all times relevant herein, the Nissan Defendants are and were "merchants with respect to the Subject Vehicle at issue in this Petition.

56. At all times relevant herein, the Nissan Defendants manufactured and sold the Subject Vehicle as "good" within the meaning of the relevant statutory provisions.

57. Consequently, at the time of sale the Nissan Defendants impliedly warranted that the Subject Vehicle was merchantable, including that it was fit for its ordinary purpose of a safe passenger vehicle that it could pass without objection in the trade.

58. At all times relevant herein, the Nissan Defendants breached the implied warranty of merchantability because the Subject Vehicle was not fit for the ordinary purpose for which it was anticipated to be used - namely as a safe passenger motor vehicle.

59. Specifically, the Subject Vehicle's occupant protection system was unreasonably dangerous and defective as it was designed, manufactured and sold foreseeable collisions, including during the Incident on November 7, 2021 which made the Subject Vehicle unfit for its ordinary purpose of providing safe transportation.

60. As a direct, proximate and/or producing cause of the foregoing Carolyn Thomas suffered fatal injuries on November 7, 2021.

## SIXTH CLAIM FOR RELIEF
### (Gross Negligence)

61. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

62. In 2017 the second generation Nissan Versa sedan had the eighth highest rate of driver deaths.

63. In 2017 Nissan made two other vehicles with high rates of drivers death, including: Nissan Versa Note, 4th, and Nissan Sentra 10th.

64. The acts and/or omissions of the Nissan Defendants when viewed objectively from their standpoint at the time of its occurrence involved an extreme degree of risk considering the probability and magnitude of the potential of harm to others.

65. The Nissan Defendants had actual, subjective awareness of the risk involved in the aforementioned acts and/or omissions, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.

## DAMAGES

66. The aforementioned acts and/or omissions of the Nissan Defendants were a direct, proximate and/or producing cause of the wrongful death of Carolyn Thomas and the following damages to Plaintiffs:

a.  Pecuniary damages in the past and which in reasonable probability they will sustain in the future;

  b.  Loss of companionship and society in the past and which in reasonable probability they will sustain in the future; and

  c.  Mental anguish in the past and which in reasonable probability they will sustain in the future.

67. Because of all of the above your Plaintiffs have been damaged in a sum within the jurisdictional limits of this Court, for which, for which amount they here now pray judgment against the Defendants jointly and severally.

## **PRAYER**

68. WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully pray that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity. Plaintiffs believe in the right of the jury to freely consider any amount of damages warranted by the evidence, and trust the jury to reach a fair decision; however to comply with Texas Rule 47 requiring a party to plead a category of monetary relief sought the Plaintiffs state that as of the filing of this amended complaint, Plaintiffs seek monetary relief greater than $250,000.

Respectfully submitted,

_____
CHRISTOPHER BRADSHAW-HULL
State Bar No. 02841300
4200 Montrose Blvd., Suite 570
Houston, Texas 77006
713-523-0818
713-523-0814-facsimile
Email: c_bradshawhull@hotmail.com
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading is being furnished to opposing counsel listed below, via electronic service on the 20th day of March, 2024, and the original of said document is being filed in the Office of the Clerk:

*Alanna M. Dominguez*
*Clay Cosse*
*Dykema Gossett PLLC*
*112 E. Pecan Street, Suite 1800*
*San Antonio, Texas 78205*

_____
CHRISTOPHER BRADSHAW-HULL